# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

**Case Title:** Jason Diven

**Case No.:** 20-24311 - E - 13
**Docket Control No.** DPC-1
**Date:** 11/24/2020
**Time:** 2:00 PM

**Matter:** [29] - Objection to Confirmation of Plan by DAVID CUSICK [DPC-1] (Smith, Dwayne)

**Judge:** Ronald H. Sargis
**Courtroom Deputy:** Nancy Williams
**Reporter:** Diamond Reporters
**Department:** E

**APPEARANCES for:**
**Movant(s):**
(by phone) Trustee's Attorney - Neil Enmark
**Respondent(s):**
(by phone) Debtor's Attorney - Bonnie Baker

## CIVIL MINUTES

Objection Sustained

See Findings of fact and conclusions of law below

**The court will issue an order.**

Local Rule 9014-1(f)(2) Objection—Hearing Required.

Sufficient Notice Provided. The Proof of Service states that the Objection and supporting pleadings were served on Debtor and Debtor's Attorney on October 29, 2020. By the court's calculation, 26 days' notice was provided. 14 days' notice is required.

    The Objection to Confirmation of Plan was properly set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(2) and the procedure authorized by Local Bankruptcy Rule 3015-1(c)(4). Debtor, Creditors, the Chapter 13 Trustee, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion. If any of these potential respondents appear at the hearing and offers opposition to the Objection, the court will set a briefing schedule and a final hearing unless there is no need to develop the record further. If no opposition is offered at the hearing, the court will take up the merits of the Objection. No opposition was presented at the hearing.

**The Objection to Confirmation of Plan is sustained.**

The Chapter 13 Trustee, David Cusick ("Trustee"), opposes confirmation of the Plan on the basis that:

 A. Debtor is delinquent in plan payments.

 B. Debtor failed to provide proof of his Social Security Number.

 C. Debtor's plan may not be properly served.

 D. Debtor's Plan fails the liquidation test.

 E. Debtor may not be able to comply with the Plan.

 F. Debtor failed to provide business documents.

**DISCUSSION**

Trustee's objections are well-taken.

**Delinquency**

Debtor is $1,000.00 delinquent in plan payments, which represents one month of the $1,000.00 plan payment. According to Trustee, the Plan in § 2.01 calls for payments to be received by Trustee not later than the twenty-fifth day of each month beginning the month after the order for relief under Chapter 13. Delinquency indicates that the Plan is not feasible and is reason to deny confirmation. *See* 11 U.S.C. § 1325(a)(6).

**Failure to Provide Social Security Number**

Debtor did not provide proof of his Social Security Number at the First Meeting of Creditors. Debtor is required to provide evidence of his social security number at the meeting of creditors. *See* FED. R. BANKR. P. 4002(b)(1).

**Improper Service**

Debtor served the Schedules and the Plan on all creditors. Trustee is concerned that the Plan served on creditors may not comply with applicable law and/or may not be filed in good faith because creditors will have to review forty-three pages of documents, prior to reaching the Plan. *See* 11 U.S.C. §§ 1325(a)(1); 1325(a)(3).

**Debtor Fails Liquidation Analysis**

Debtor's plan fails the Chapter 7 Liquidation Analysis under 11 U.S.C. § 1325(a)(4). Debtor valued the real property located at 13839 Main Street, EagleVille, California ("Property") at $90,000.00. Schedule A/B, Dckt 18. Trustee believes the Property value may be understated. Debtor also identified a lawsuit filed by a contracting party and listed the value as unknown. *Id.* However, in the description, it then identifies a claim that is equivalent to a final payment in the amount of $33,500.00. *Id*. This value has not been exempted and is not included in the liquidation analysis.

**Cannot Comply with the Plan**

Debtor may not be able to make plan payments or comply with the Plan under 11 U.S.C. § 1325(a)(6). Debtor has failed to list business equipment, tools of trade, farm implements, and accounts receivable on Schedule B. Additionally, Debtor admitted at the First Meeting of Creditors that he has a cattle business and commercial rental property, which rent is collected but the farm related property is not listed. Debtor also identifies a homeowner expense in Schedule J but, neither Schedule D, nor the plan identify any mortgages owed for the Debtor's residence. Yet Proofs of Claims have been filed by creditors indicating that there are creditors holding purchase money security interests over the residence. Debtor has failed to file a Statement of Rights and Responsibilities. Without an accurate picture of Debtor's financial reality, the court cannot determine whether the Plan is confirmable.

**Failure to File Documents Related to Business**

Debtor has failed to timely provide Trustee with business documents including:

A. Questionnaire,
B. Two years of tax returns,
C. Six months of profit and loss statements,
D. Six months of bank account statements, and
E. Proof of license and insurance or written statement that no such documentation exists.

11 U.S.C. §§ 521(e)(2)(A)(i), 704(a)(3), 1106(a)(3), 1302(b)(1), 1302(c); FED. R. BANKR. P. 4002(b)(2) & (3). Debtor is required to submit those documents and cooperate with Trustee. 11 U.S.C. § 521(a)(3). Without Debtor submitting all required documents, the court and Trustee are unable to determine if the Plan is feasible, viable, or complies with 11 U.S.C. § 1325.

**Debtor's Response Declaration**

On November 20, 2020, Debtor filed a Declaration in response to the Objection to Confirmation. Dckt. 35. Debtor recounts the housing challenges and that their current home is uninhabitable, but that Debtor (who formerly was a contractor) is working on it. [Fn.1.]

--------------------------------------------------------

FN. 1. On Schedule I Debtor states that he is employed and appears to have a full time job. In addition, he states having $489.00 of net income from apartment rental. Dckt. 18 at 24. On the Business Income and Expense attachment for the apartments, Debtor states having $1,325.00 of income a month, with ($1,199.00) in expenses, resulting in there being only $126.00 a month in net income. *Id*. at 43. This was for the 12 months prior to bankruptcy.

------------------------------------------------------

The Declaration states that Debtor has prepared the documents as requested by the Trustee and they are being sent to the Trustee. The information provided by Debtor includes the following (identified by page: line number(s) of the Declaration, Dckt. 35):

- A. Debtor will have a reduction in expenses due to the future completion of the remodel of the Eagleville residence. 2:1–2.

- B. Debtor pays $1,200 in rent on the Lake City house, which is close to his parents and where he has "landed the family." 2:2–3.

- C. The Eagleville residence was purchased in 2008, and the basement has caved in and there are numerous electrical issues, as well as other problems. 2:5–7.

- D. Debtor has been "remodeling" the Eagleville residence for over ten years. 2:8.

- E. When Debtor's step-father was diagnosed with cancer, the remodeling was sidelined while Debtor turned his attention to taking over the step-father's and mother's ranch. 2:9–10.

- F. The status of the remodel does not have the septic or well hooked up, and there are no fixtures in the bathroom or kitchen. 2:12–13.

- G. Though not habitable, Debtor plans on moving into part of the Eagleville residence within the next 60 days, and then move the family in the Fall of 2021. Debtor is currently living in a construction trailer on the Eagleville property. 2:15–17.

- H. Debtor has amended the Schedules to estimate his claim against Cedarville to be $95,000, which he states may be questionable as he does not know if or how to file a counterclaim against the Indian Tribe. 3:1–6.

- I. Debtor's plan does not include "credit" for the yearly interception of his Federal Tax Refund by the USDA Farm Service Agency, for a $30,896 obligation, that is estimated to be $7,700 per year. 3:8–10.

The Declaration does not explain why Debtor is so grossly overpaying his taxes that he is creating a $7,700 tax refund that can then be diverted to the USDA Farm Service Agency. No proof of claim has been filed for such USDA Farm Service Agency claim.

      J.        Debtor is only able to fund the plan with a $545 payment due to the overpayment of taxes and having the refund diverted to the USDA Farm Service Agency obligation.  3:10–13.

      K.        After the overpayment of tax refund has fully paid the USDA Farm Service Agency obligation, the overpayment of taxes will continue and the annual tax refund is to be paid into the plan.  3:15. Debtor believes that he may have even greater tax refunds going forward.

Looking at Schedule I and the Statement of Financial Affairs, it is unclear how Debtor is creating a $7,700 a year tax refund.

Dckt. 35.

At the hearing, counsel for the Trustee reported that the objection should be sustained. The Debtor confirmed at the hearing that a modified plan and motion to confirm will be filed.

The Plan does not comply with 11 U.S.C. §§ 1322 and 1325(a).  The Objection is sustained, and the Plan is not confirmed.