3

DAVID P. CUSICK, TRUSTEE, #160467
NEIL ENMARK, #159185, attorney for Trustee
KRISTEN A. KOO, #230856, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
(916) 856-8000
legalmail@cusick13.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 20-24311-E-13C |
| | ) | DCN: BB-1 |
| | ) | |
| JASON DIVEN | ) | TRUSTEE'S OPPOSITION TO |
| | ) | DEBTOR'S MOTION TO CONFIRM |
| | ) | FIRST MODIFIED PLAN |
| | ) | |
| | ) | DATE: 09-24-2024 |
| | ) | TIME: 2:00 P.M. |
| | ) | JUDGE: RONALD H. SARGIS |
| Debtor(s) | ) | COURTROOM: 33 |

DAVID P. CUSICK, TRUSTEE, objects to Debtor's motion as:

**FEASIBILITY:** The Trustee cannot assess the feasibility of the plan and the plan may not comply with 11 U.S.C. §1325(a) (1.) or (6).

1. **GOOD FAITH.** Debtors are not contributing all available income into the plan. The Modified plan is proposing plan payments of $1,000.00 x 36, then $1,773.30 x 24, then an additional $2,995.00 for the final 13 month, 60 months with 21% to unsecured creditors. The language in the plan is confusing and it is unclear if the Debtor is proposing a 60 month plan

1

with increased, combined payments for the last 13 months in the amount of $4,768.30 or the Debtor is proposing a 73-month plan. The Trustee reviewed Debtor's latest Supplemental Schedules I & J (DN 157). Schedule I shows that the Debtor has a monthly income of $12,126.00 and schedule J shows the Debtors monthly expenses are $6,154.00, leaving $5,982.00 in monthly net income.Yet, the plan is proposing plan payments of $2,995.00 (or potentially $4,768.30) for the remaining 13 months of the plan, this is a total of at least $2,987.00 that the Debtor is not contributing into the plan. In addition, the Motion (DN 158, page 3, lines 10-12) and Debtor's declaration both indicate that the Debtor has made an agreement with a cattle owner to purchase 1/3 of his cows for $2,600.00 per pair and Debtor will receive 4 payments of $16,250.00 each. It does not appear that this income will be contributed to the plan. The first payment will be received in the first week of August and then every 6 months thereafter and there is no explanation as to why this income is not being paid into the plan or what it would be used for (if for something else, like the purchase of more cattle).

The Trustee calculates that if the Debtor is required to submit to the Trustee all available income the percent to unsecured creditors would increase significantly.

**2. INTEREST RATE CHANGE.** The Modified Plan is changing the interest rate for for secured creditor Siskiyou County Farm Service Agency from 2.625% to 2.20%. The claim has already been paid in full and the interest was paid at 2.625% per the Order Confirming Plan (DN 103). The Trustee should not have to seek the return of funds that were properly disbursed according to the terms of the confirmed plan. Also, §1329 does not allow for interest rate changes in a post-confirmation modified plan.

**4. PAID AHEAD.** Debtor's proposed plan payments needs clarification, but it appears Debtor is still paid ahead regardless. Section 7.01 proposes $1,000.00 x 36, then $1,773.30 x 24,

then $2,995.00 for the final 13 months of the plan, for a total plan length of 73 months and a total paid in of $55,506.30 through August 2024 (month 47). If these are the plan payments, then Debtor is paid ahead by $2,078.08.

Is it the Debtor's intention to propose plan payments of $1,000.00 x 36, then $1,773.30 x 11, then $2,995.00 x 13? Or potentially, $1,000.00 x 36, $1,773.30 x 11 and then $4,768.30 for 13? The Trustee requests that the Debtor clarify the plan payments and the plan term. The plan does not comply with 11 U.S.C 1325 (a)(1) where plan payments actually being paid by the Debtor are already different than the proposed plan payments.

**5. <u>LEGAL BASIS</u>.** The motion does not cite applicable code sections to support it such as 11 U.S.C. § 1329, which is required under LBR 9014-1(d), and FRBP 9013. While the legal authority is not novel or unique, the reason counsel should include it is to alert all parties to the basis for the proceeding.

**6. <u>2023 TAX RETURN NOT SUBMITTED</u>.** Debtor's plan (DN 162, section 7.3) states that the Debtor will pay into the plan his Federal Tax Refund for the length of the plan. The Debtor has not submitted to the Trustee his 2023 tax returns or any refund that was received for that tax year which is estimated at $7,700.00 in the plan.

WHEREFORE, the Trustee requests that the motion be denied.

Dated: 09-10-2024 /s/Kristen A. Koo
Kristen A. Koo, Attorney for Trustee